UNITED STATES v. 164⁸/₁₀₀ PROOF GALLONS DISTILLED SPIRITS.

(District Court, S. D. Ohio, W. D.    June 30, 1897.)

No. 1,762.

INTERNAL REVENUE — PROCEEDING FOR FORFEITURE OF SPIRITS—MOTION TO PRODUCE EVIDENCE.

In a proceeding for the forfeiture of distilled spirits on the ground of a fraudulent violation of the internal revenue laws, the government will not be required, on motion of an intervening claimant, to furnish such claimant

before trial with the report of the gauger showing the measurements of the packages containing such spirits, such report being on file in the proper district, and the claimant being entitled, on application there, to an inspection or a certified copy of the same.

Proceeding by the United States for the forfeiture of distilled spirits. Heard on motion to require the government to produce evidence before trial.

Sidney G. Stricker, for claimant.
Horlan Cleveland, for the United States.

SAGE, District Judge. This case is before the court on motion to require the government, before trial, to produce to the attorney for the intervening petitioner any and all books or writings in its possession or power which contain—First, evidence pertinent to the issues; that is to say, any and all reports or returns of the gaugers who gauged and inspected the brandy in question; second, any and all reports or returns made by the distillers or wholesale liquor dealers in whose possession or control said brandy has ever been; third, any and all writings or correspondence or copies thereof between any of the parties who may have had any connection with the removal or shipment of said brandy. The demand is as sweeping and comprehensive as it could be made, and, if sanctioned by the order of the court, would compel the government to submit its entire evidence to the inspection and examination of counsel for the defendant in advance of the trial, which, in a proceeding for forfeiture based upon a charge of fraud in violation of the internal revenue laws of the United States, ought not to be allowed. But in the brief of counsel for the intervener the demand is modified to "seeking a discovery of the original measurements of the packages, the only existing evidence of which is the return of the gauger under form 59½ as made to the revenue department, which is in its exclusive possession and control, and which can be reached by no other process than this motion." The intervener is a wholesale liquor dealer, who claims to have purchased the packages from the distillers. But the United States attorney has not in his possession these original measurements. They are technically, it is true, in the possession of the government,—that is to say, of the internal revenue department,—but they are on file in the state and district where the brandy was distilled, and the intervener is entitled, upon application, to an inspection or to a certified copy of them. It is not the duty or province of the government to transport the originals here for the convenience of the intervener and his counsel, or to procure certified copies for that purpose. The originals are in the proper custody directed by the law, but not within this jurisdiction. If the intervener wishes to inspect them, he will have to make his application there, or procure from the collector of the proper district certified copies. The motion will be overruled.